OLSON MANFG. CO. *v.* REX MOTOR CO.

INTERVENERS — JUDGMENT CREDITORS' BILL — PROCURING ENTRY OF DECREE IN SUPREME COURT.

The petition of judgment creditors to be allowed to intervene in a certain cause and procure the entry of a decree in this court pursuant to the opinion therein (203 Mich. 470), and obtain the benefit of such decree, must be denied, where it appears from the answer that the provisions of the decree of the court below in said cause, as modified by the opinion in this court, have already been carried out, and the various sums of money so found to be due and payable have been paid in accordance therewith, thus accounting for the fact that no decree has been entered in this court.

Judgment creditors' bill by the Olson Manufacturing Company and another against the Rex Motor Company, Charles H. Riopelle and others: On petition of the Detroit Steel Products Company to intervene and have decree entered in this court for their benefit. Submitted October 20, 1920. (Calendar No. 28,294.) Petition denied December 21, 1920.

*Stevenson, Carpenter, Butzel & Backus (Rockwell T. Gust,* of counsel), for petitioner.

*Donnelly, Hally, Lyster & Munro,* for defendant Riopelle.

MOORE, C. J. The Detroit Steel Products Company, a judgment creditor of the Rex Motor Company, on July 17, 1920, filed its petition to be allowed to intervene in the above cases for the purpose of procuring the entry of a decree in the cause pursuant to the opinion filed therein, and that it may obtain the benefit of a decree made in accordance with the opinion.

The opinion referred to is found in 203 Mich. 470, and a reading of it will simplify matters very much.

We have learned and elaborate briefs by both counsel upon the right of a court to permit parties interested to intervene in cases at proper times and places, and there can be no doubt about the general principle, but in none of the authorities cited were the facts like those presented in the instant case. The petition shows that petitioner is a judgment creditor of the Rex Motor Company, and that it has filed a judgment creditor's bill, which is yet pending in the circuit court. It also shows that while the case was undetermined in this court it did not ask for leave to intervene, though it did ask and was granted permission to file a brief. The opinion in this court in the above cases was filed December 27, 1918, and the decree of the court below was slightly modified and affirmed. This decree determined that the plaintiffs therein were entitled to be paid certain definite sums of money by defendants. The answer to the petition we are now considering shows that in March, 1919, these amounts so decreed were paid in full by defendant Riopelle, and assignments of the various amounts due the plaintiffs were made to him. This will undoubtedly account for the fact that no decree was entered in this court. The parties to that litigation doubtless thought it was ended. It was not until long after these payments were made that the petition now before us was filed. Under the facts disclosed by this record we think the plaintiff must be relegated to the forum formerly selected by it in which to conduct its litigation.

Its petition is denied, with costs to defendants.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.